GEORGE S. LEPORE, PLAINTIFF-APPELLANT, v. JOHN KOOLIGAN, DEFENDANT-RESPONDENT.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *A. Michael Lepore.*

For the respondent, *Cyrus W. Lunn.*

PER CURIAM.

Plaintiff appeals from a judgment for the defendant in a case tried in the First District Court of Jersey City. The action was to recover a broker's commission on the sale of real estate. Appellant contends that there was error of law in rendering the judgment. There was no contract in writing between the parties, but the plaintiff served upon the defendant a notice in accordance with the amendment to the statute of frauds (*Pamph. L.* 1918, *p.* 1020, § 10), requesting the defendant to sign it. This the defendant refused to do and the broker gave him an exact copy. To this the defendant made no response. Appellant contends that this created a binding contract between the parties and that he was therefore entitled to judgment.

The difficulty with this contention is that thereafter a question of fact was raised as to the service rendered by the appellant. In the case as settled by the judgment it is stated that the defendant put in his testimony and the plaintiff offered evidence in rebuttal, whereupon the trial judge, sitting without a jury, makes this finding: "From the conflicting evidence before me, the plaintiff and his witnesses claiming that he had produced the buyer, and the defendant claiming that he had himself brought the property to the attention of the buyer whom he had known for many years, I drew the conclusion of fact that the plaintiff had not actually effected the sale of the property in question, but that the defendant had himself, by his own efforts, made the sale. I, therefore, gave judgment in favor of the defendant and against the plaintiff."

From this it appears that the disposition of the case turned wholly upon the determination of a question of fact which is not reviewable on appeal. *Duff* v. *Prudential Insurance Co.,* 90 *N. J. L.* 646. It was essential not only that the plaintiff prove compliance with the amendment to the statute of frauds, but also that he was the efficient and procuring cause of the sale. *Queen* v. *Jennings,* 93 *Id.* 353. This the court found that he did not do. The judgment is affirmed.